**COLIN M. RUBICH**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-Mail: Colin.Rubich@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-93-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **ELISHA RYAN FINLEY,** | |
| **Defendant.** | |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on March 13, 2018.

1

## THE CHARGE

The defendant, Elisha Ryan Finley, is charged by indictment with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts I-V) and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count VI-X).

## PLEA AGREEMENT

There is a plea agreement in this case.   Finley will plead guilty to Count I, Wire Fraud, in violation of 18 U.S.C. § 1343 and Count VI, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).   The United States will move to dismiss Counts II-V and VII-X at the time of sentencing if the Court accepts the plea agreement.   All formal plea offers were extended to the defendant writing and the agreement entered into by the parties represents, in the government's view, the most favorable offer extended to the defendant.   *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Finley to be found guilty of Count I, Wire Fraud, in violation of 18 U.S.C. § 1343, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, on or about November 3, 2016, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

**Second**, the defendant statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

**Third**, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

**Fourth**, the defendant used, or caused to be used, an interstate (or foreign) wire communication to carry out or attempt to carry out an essential part of the scheme.

In order for Finley to be found guilty of Count VI, Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

**First**, on or about November 3, 2016, the defendant knowingly used without legal authority a means of identification of another person; and

**Second**, the defendant knew that the means of identification belonged to a real person; and

**Third**, the defendant did so during an in relation to Wire Fraud, as charged in Count I.

The government need not establish that means of identification of another person was stolen.

## PENALTY

The charge contained in Count I of the indictment carries a maximum penalty of 20 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.   The charge contained in Count VI of the indictment carries a mandatory consecutive two years imprisonment, a maximum

$25,000 fine, one year of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

From approximately April 19, 2016 to November 29, 2016, Elisha Finley stole approximately $97,451.85 from G.D. Eastlick, Incorporated, a trucking company in Billings where she was employed as a bookkeeper.   As part of her duties as bookkeeper, Finley regularly prepared checks to be signed by the owner of the company.   As part of her scheme to defraud the company, Finley wrote checks to herself and forged the owner's signature.   Finley would then cash these checks or deposit them into a personal bank account.   To conceal her theft, Finley disposed of copies of the checks she wrote to herself provided to the company by their bank.   She also fraudulently altered the check stubs to make it appear that the checks were voided.   Finally, Finley would neglect to enter the checks she paid to herself on the company books.

As part of this scheme, on November 3, 2016, Finley wrote a check to herself for $1,000.00 on the company's bank account at Yellowstone Bank. Without authority, Finley signed the check using the company owner's signature. This transaction caused the funds to be transmitted in interstate commerce by

means of wire communications, between Yellowstone Bank in Montana and a

clearinghouse outside of Montana.

DATED this 7th day of March, 2018.

KURT G. ALME
United States Attorney

*/s/ Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney